UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

                                        Petitioner,

                    v.                                          9:23-CV-0043
                                                                (GLS/CFH)

KAREN MATSON,

                                        Respondent.

_____

APPEARANCES:                                    OF COUNSEL:

DAVID C. LETTIERI
Petitioner, pro se
Niagara County Jail
5526 Niagara Street Exd
Lockport, NY 14094

GARY L. SHARPE
United States Senior District Judge

## DECISION and ORDER

Petitioner David Lettieri seeks federal habeas relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet."), at 1.[1]

On January 12, 2023, the Court administratively closed the action because petitioner failed to properly commence it.  Dkt. No. 2, Closure Order.  Petitioner was provided thirty (30) days leave to either (1) submit a properly certified application to proceed in forma pauperis (IFP) or (2) pay the statutory filing fee.[2]  *Id.* at 2.  The Closure Order was returned to the Court twice; however, petitioner then filed a notice of change of address and the closure

_____

[1]  For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2]  The proper filing fee for a habeas corpus petition is $5.00.  *See* 28 U.S.C. § 1914(a).

order and a blank IFP application were sent to him at his new address.  Dkt. Nos. 3-4, Mail

Returned as Undeliverable; Dkt. No. 5, Notice of Change of Address.

Petitioner timely filed an application to proceed IFP, and the case was returned to the

Court's active docket.  Dkt. No. 6, IFP Application; Dkt. No. 7.

To commence a habeas corpus action, a petitioner must pay the court's filing fee or

submit a properly certified IFP application.  *See* Rule 3(a)(2), Rules Governing Section 2254

Cases in the United States District Courts ("Habeas Rules"); *see also Wilson v. Favro*, No.

9:16-CV-0471 (GTS), 2016 WL 2354271, at *3 n.4 (N.D.N.Y. May 4, 2016) (applying Habeas

Rules to § 2241 petitions because, referencing Rule 1(b)'s provisions, the rules may be

applied "to a habeas petition not covered by Rule 1(a)").  A proper IFP application includes a

signature or certification by an appropriate prison official attesting to petitioner's balance, and

average balance, in any account in petitioner's name at his or her facility.  *See* Habeas Rules

Rule 3(a)(2) (requiring a motion and affidavit, per 28 U.S.C. § 1915, and "a certificate from

the warden or other appropriate officer of the place of confinement showing the amount of

money or securities that the petitioner has in any account in the institution"); *see also*

N.D.N.Y. L.R. 5.1.4(b)(1)(A).  Local Rule 5.1.4 further provides that, if the prisoner fails to

fully comply with the above-described requirements after being informed by Court order of

what is required, "the Court shall dismiss the action."  *Id*. 5.1.4(b)(2)(A)(ii).

Here, petitioner's IFP application is defective because it fails to provide all of the

information required for the Court to make a determination on petitioner's financial eligibility.

Specifically, the application's questions about petitioner's sources of income and assets,

presently, as well as in the past, were not completed.  Dkt. No. 6 at 1-2.  Instead, petitioner

included a page entitled "Release Statement of Average Balances" that included figures for

2

an average deposit amount, daily balance, and current balance; however, that information is insufficient for the Court's present purposes. *Id.* at 3. Further, the application was not certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at the facility. *See* IFP Application at 2; Habeas Rules Rule 3(a)(2). Therefore, the application is denied without prejudice.

Petitioner is directed to do one of the following two things within thirty (30) days of the filing date of this Decision and Order: (1) pay the Court's filing fee of five dollars ($5.00); or (2) submit a complete IFP application that has been certified and signed by an appropriate prison official. If petitioner fails to submit either the required filing fee or a complete IFP application, this action will be dismissed without further order from the Court.

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's IFP application, Dkt. No. 6, is **DENIED WITHOUT PREJUDICE**. Petitioner must, **within thirty (30) days** of the filing date of this Decision and Order, either (1) pay the five dollar ($5.00) filing fee in full, or (2) submit an IFP application which has been completed and signed by him and which has been certified by an appropriate prison official. The Clerk is respectfully directed to provide petitioner with a blank IFP application for that purpose; and it is further

**ORDERED** that, in the event petitioner fails to timely comply with the requirements set forth in this Decision and Order and properly commence the instant action, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case; and it is further

**ORDERED** that, upon receipt of either petitioner's filing fee or his complete, certified

IFP application, the Clerk shall forward the file to the Court for further review; and it is further

ORDERED that the Clerk respectfully serve a copy of this Decision and Order on

petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

April 12, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge

4