UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

        Petitioner,

   v.                                         9:23-CV-0043
                                                      (GLS/CFH)
KAREN MATSON,

        Respondent.

---

APPEARANCES:                             OF COUNSEL:

DAVID C. LETTIERI
Petitioner pro se
Niagara County Jail
5526 Niagara Street Exd
Lockport, NY 14094

GARY L. SHARPE
United States Senior District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner sought federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet.").[1] After granting petitioner's second application for in forma pauperis status, the Court conducted an initial review of the petition and, ultimately, dismissed it. Dkt. No. 14, Decision and Order ("December Order").

As is relevant to the instant motion, petitioner's habeas pleading challenged his federal detention in Allegheny County Jail, as well as a Colesville Town Court Order to pay impoundment fees to the Broome County Humane Society. Pet. at 1-2. During petitioner's

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

federal criminal proceedings, members from the Federal Bureau of Investigation and local law enforcement successfully sought permission, from the Colesville Town Court, to take the animals living under deplorable conditions in petitioner's home.  *See* December Order at 3-4.  Petitioner was later convicted of Enticement of a Minor.  *Id.* at 5 (citing *United States v. Lettieri*, No. 1:21-CR-0020 (W.D.N.Y.) ("*Lettieri I*"), Dkt. No. 150).  Petitioner is still awaiting sentencing.  *Lettieri I*, Dkt. No. 176, Minute Entry (explaining that petitioner recently retained new counsel who may file a motion to adjourn petitioner's criminal sentencing presently scheduled for February 9, 2024); *Lettieri I*, Dkt. No. 181, Amended Motion to Continue Sentencing Hearing and Deadlines.

## II.     DISCUSSION

Petitioner moves for reconsideration of the December Order dismissing his petition, arguing that the "Federal Rules of Criminal Procedure 41(g) states [that] a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Dkt. No. 16 at 1.  Petitioner further explains that this motion "must be filed in the district where the property was seized."  *Id.*  Petitioner argues that "[t]he FBI did not have a warrant to se[ize] any animals [from his home]," and because such an unlawful seizure occurred, the "Federal Criminal procedure rule applies."  *Id.* at 2.  Therefore, in sum, petitioner seeks to have his Rule 41(g) motion heard "since the Broome County Huma[ne] society would have to return twelve rats, eleven guiena [*sic*] pigs, seven rabbits and three dogs unless . . . petitioner would have to file a 1983 suit."  *Id.*

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
> On a motion and just terms, the court may relieve a party . . . from a

2

final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud, misrepresentation, or misconduct;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; or
(6) any other reason that justifies relief.

"The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

Here, petitioner does not indicate a specific ground for which he seeks relief under Rule 60(b).[2] However, the motion was made within thirty days of the entry of judgment. Accordingly, regardless of the provision under which the motion is evaluated, it is timely filed.

---

[2] Even assuming petitioner intended to utilize a different standard for reconsideration, his motion would still fail. "The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented.  *See Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. N.Y.C. Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).
    Petitioner's overarching contentions are that he is entitled to the return of his property, specifically his animals. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Decision and Order.  Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's disagreement with the Court's decision is not a basis for reconsideration.  *See Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision dismissing the petition is not warranted.

3

Even under a liberal interpretation of this motion, petitioner has failed to allege facts demonstrating that any of the grounds of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under the catch-all provision of Rule 60(b)(6). Petitioner has not provided any controlling case law, facts, or data which the Court arguably overlooked that would have altered the Court's conclusion. Instead, petitioner relies on an inapplicable, and thus unpersuasive, procedural vehicle to assist him in achieving the ultimate remedy of having his animals returned to him.

The Second Circuit has long

> held that a district court where a [criminal] defendant is tried has ancillary jurisdiction to decide a . . . post-trial motion for the return of seized property. *See Mora v. United States*, 955 F.2d 156, 158 (2d Cir.1992). Where criminal proceedings are no longer pending . . . [any] such motion is treated as a civil equitable proceeding even if styled as being pursuant to Fed. R. Crim. P. 41(e).[3]

*Soviero v. United States*, 967 F.3d 791, 792-93 (2d Cir. 1992); *accord Adeleke v. United States*, 355 F.3d 144, 149 (2d Cir. 2004); *United States v. Sash*, 581 F. Supp. 2d 647, 648-49 (S.D.N.Y. 2008). Further, Supreme Court precedent establishes that both statutory language and common-law history reveal "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from [that] illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Accordingly, where another district court in this circuit was presented with a similar situation – a petitioner seeking "the return of her possessions and vehicle that were

---

[3] "Rule 41 was reorganized in 2002. Previously, the subsection addressing motions to return property was Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change. Accordingly, courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g)." *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006); *accord Gatex Corp. v. United States*, No. 1:04-CV-3730, 2005 WL 821516, at *1 n.1 (S.D.N.Y. Apr. 7, 2005)); *see also* Wright, King & Klein Federal Practice and Procedure: Criminal 3d § 690 (2023) (explaining history of Rule 41(g) and its predecessors).

confiscated by the police" via a Rule 41 motion filed in a pending federal habeas corpus action – the Rule 41 motion was dismissed because it was "not the type[] of relief that [was] cognizable in a habeas petition."  *Schipke v. Faucher*, No. 3:16-CV-2096, 2017 WL 235177, at *2 (D. Conn. Jan. 18, 2017) (citations omitted).

The same holds true here.  Petitioner's criminal action is ongoing, as he has yet to be sentenced.  Accordingly, it appears that the proper place to seek Rule 41 relief would be in that proceeding.  Further, if that avenue no longer remains open, petitioner has the ability to commence a civil action.  However, given that relief is incompatible with the instant habeas corpus action, the request for the return of property cannot be made in conjunction with the instant petition.  Thus, petitioner's reliance on a Federal Rule of Criminal Procedure is insufficient to justify reconsideration of the December Order.

Moreover, petitioner "shows no need for the extraordinary relief contemplated under Rule 60(b)(6) where other avenues such as direct appeal or collateral review might have or may provide the redress he seeks."  *McKinnon v. United States*, No. 1:12-CV-0179, 2012 WL 727017, at *1 (D. Md. Mar. 5, 2012).  The Court has outlined these avenues above, and also notes that petitioner intimated that a separate civil proceeding may be necessary in his moving papers.  Dkt. No. 16 at 2.  Petitioner does not articulate how he unsuccessfully attempted to invoke these remedies; accordingly, petitioner's arguments are unavailing and do not justify the extraordinary relief provided by Rule 60.

### III.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 16) is **DENIED**; and it

is further

**ORDERED** that, to the extent one is required, no certificate of appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires[4]; and it is further

**ORDERED** that any further request for a certificate of appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

January 9, 2024
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").